# UNITED STATES DISTRICT COURT
for the
Western District of North Carolina
Asheville Division

Case No. _____

| | |
|---|---|
| JOURNEY REALTY, LLC d/b/a RE/MAX JOURNEY<br>    Plaintiff<br><br>v.<br><br>CONTINENTAL CASUALTY COMPANY<br>    Defendant | COMPLAINT<br>(Jury Trial Demanded) |

NOW COMES THE PLAINTIFF, complaining of the Defendant as follows:

## JURISDICTIONAL STATEMENT

This Court has jurisdiction because the Plaintiff is a corporation incorporated in the State of North Carolina and the Defendant is a corporation incorporated under the laws of a state other than North Carolina and with its principal place of business in Chicago, Illinois. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332.

## THE PARTIES

1. The Plaintiff, Journey Realty, LLC, doing business as Re/Max Journey (hereinafter referred to as "Journey"), is a North Carolina corporation domiciled in Rutherford County, North Carolina.

2. The Defendant, Continental Casualty Company (hereinafter referred to as "CNA"), is an insurance company licensed to sell insurance in the State of North Carolina who, upon information and belief, is domiciled in the State of Illinois.

3. At all times relevant to this action, Journey was a real estate brokerage firm located in the town of Rutherfordton, North Carolina.

## BACKGROUND

4. CNA issued an errors and omissions insurance policy ("Policy") insuring Journey during the period of January 1, 2022 through January 1, 2023.

1

5. Under the terms of the Policy, CNA agreed to provide to pay for any covered claim "arising out of an act or omission in the rendering of professional real estate services" provided by its insured, Journey.

6. Additionally, the Policy agreed to pay "claim expenses," which were defined as: A. fees charged by attorney designed by us; and B. all other reasonable and necessary fees, costs, and expenses resulting from the investigation, adjustment, defense and appeal of a claim if incurred by us, or by the insured with our written consent."

## THE SISK CLAIM

7. In the fall of 2022, Chad Sisk and Katie Ann Sisk (the "Sisks"), engaged Journey to market, broker, and sell real property and improvements located at 6029 Bostic Sunshine Highway, Bostic, North Carolina.

8. On or about November 7, 2022, the Sisks entered into a purchase contract to sell the property to Exterior Building Services, LLC. ("Exterior"). Pursuant to the terms of the purchase contract, Exterior's attorney was to serve as the escrow agent for the purchase.

9. Exterior retained Washburn Law, PLLC ("Washburn Law") as its escrow agent and closing attorney.

10. After paying commissions and other expenses related to closing, Washburn Law was to pay to the Sisks the sum of $147,607.38.

11. However, one or more employees of Washburn Law stole the Sisks' proceeds.

12. At no time did Journey possess any of the proceeds due to the Sisks.

13. The Sisks subsequently filed suit against Exterior, Journey, and listing agent, Loyce Snider.

14. In their complaint, the Sisks made the following allegations against Journey:

    a. failed to exercise due care and caution in protecting Plaintiffs' interests in connection with the sale of the Property;

    b. failed to notify or warn Plaintiffs of prior instances, known to them, where Washburn Law failed to timely pay proceeds at closing;

    c. failed to ensure that the Sale Proceeds were delivered to Plaintiffs before allowing the Deed to be recorded;

    d. engaged in other negligent and/or grossly negligent conduct as may be discovered and/or proven at trial; and/or,

    e. failed to carry out their duties in other ways as alleged above and as may be shown through discovery and/or presented at trial.

15. The Sisks also filed a breach of fiduciary duty against Journey, alleging that Journey had a duty to warn the Bournes of problems with Washburn Law.

16. Upon being served with the lawsuit, Journey promptly notified CNA and requested that it defend the claims under the terms of the policy.

17. CNA refused to provide a defense to Journey.

18. Subsequently, Exterior filed crossclaims against Journey.

19. Journey promptly notified CNA and requested that it defend the crossclaims under the terms of the policy.

20. CNA refused to provide a defense to Journey.

21. Journey was forced to engage private counsel to defend it in the lawsuit.

22. Journey filed an answer denying negligence and breach of fiduciary duty.

23. The Sisks' action was ultimately resolved as to Journey and Journey was dismissed from the lawsuit.

## THE BOURNE CLAIM

24. In or about October 2022, Robert B. Bourne and Teresa U. Bourne (the "Bournes") engaged Journey to market, broker, and sell real property and improvements located at 181 Coxe Ridge Road, Rutherfordton, North Carolina.

25. On or around October 24, 2022, the Bournes entered into a contract to sell the property to the Gregg E. Watson Irrevocable Trust dated May 17, 2021 (the "Trust).

26. Pursuant to the terms of the purchase contract, the Trust's attorney was to serve as the escrow agent for the purchase.

27. The Trust retained Washburn Law, PLLC ) "Washburn Law" to serve as its escrow agent and closing attorney.

28. On or about November 18, 2022, the Trust initiated two wires to Washburn Law totaling $953,319.91.

29. After paying commissions and other expenses related to closing, Washburn Law was to pay to the Bournes the sum of $905,215.14.

30. However, one or more employees of Washburn Law stole the Bourne's proceeds.

31. At no time did Journey have possession of any of the proceeds due to the Bournes.

32. The Bournes subsequently filed suit against members of Washburn Law.

33. On July 5, 2023, the Bournes amended their complaint, including claims against Journey.

34. In the amended complaint, the Bournes made the following allegations against Journey:

    a. failed to exercise due care and caution in protecting Plaintiffs' interests in connection with the sale of the Property;

    b. failed to notify or warn Plaintiffs of prior instances, known to them, where Washburn Law failed to timely pay proceeds at closing;

    c. failed to ensure that the Sale Proceeds were delivered to Plaintiffs before allowing the Deed to be recorded;

    d. engaged in other negligent and/or grossly negligent conduct as may be discovered and/or proven at trial; and/or,

    e. failed to carry out their duties in other ways as alleged above and as may be shown through discovery and/or presented at trial.

35. The Bournes also filed a breach of fiduciary duty against Journey, alleging that Journey had a duty to warn the Bournes of problems with Washburn Law.

36. Upon being served with the lawsuit, Journey promptly notified CNA and requested that it defend the claim under the terms of the policy.

37. CNA refused to provide a defense to Journey.

38. Journey subsequently engaged private counsel to defend it.

39. Journey filed an answer denying negligence and breach of fiduciary duty.

40. The Bourne action was ultimately resolved as to Journey and Journey was dismissed from the lawsuit.

## BREACH OF CONTRACT

41. The preceding paragraphs are re-alleged and hereby incorporated by reference.

42. CNA owed a duty to defend Journey for claims arising out of "an act or omission in the rendering of professional real estate services."

43. CNA's duty to defend Journey arose even if the claims against Journey were determined to be meritless.

44. An exception to CNA's duty to defend applies if the claim arises from "intentionally wrongful, dishonest, fraudulent, malicious or criminal conduct committed by its insured or at an insured's direction or with the insured's prior knowledge."

45. The allegations by the Sisks and the Bournes against Journey are based on negligence and breach of fiduciary duty and not wrongful, dishonest, fraudulent, malicious or criminal conduct committed by Journey, at Journey's direction, or with Journey's prior knowledge.

46. As averred, the allegations against Journey are covered claims under the policy and invoke a duty to provide claim expenses.

47. After Journey requested that CNA assume the defense of the claims, CNA refused in correspondence dated April 11, 2013, stating that coverage was excluded under the policy language that read: "We will not defend or pay any claim: C. based on or arising out of any actual or alleged failure to pay or collect money held for others or any conversion, commingling, defalcation, misappropriation or improper use of funds or other property." See Exhibit A.

48. Neither the Sisk nor Bourne lawsuit alleged that Journey commingled or possessed the stolen funds.

49. On April 25, 2023, counsel for Journey wrote to CNA and advised that its failure to provide a defense to Journey would constitute "a violation of North Carolina General Statute § 58-63-15 and Chapter 75." See Exhibit B.

50. On April 26, 2023, CNA again refused to provide a defense to Journey on the Sisk and Bourne claims. See Exhibit C.

51. CNA breached its contract of insurance with Journey in one or more of the following ways:

    a. Failed to provide defense counsel on the Sisk and Bourne claims.

    b. Failed to reimburse Journey for their claim expenses.

    c. Failed to adequately review the allegations in the Sisk and Bourne to determine its duty to defend.

    d. Failed to provide a rational basis for denying the request for defenses of the claim.

52. As a direct result of the breach of contract, Journey has been damaged in an amount to be determined at trial but which is alleged to be in excess of $75,000.

## BAD FAITH

53. The preceding paragraphs are re-alleged and hereby incorporated by reference.

54. The acts of CNA, as described above, constitute bad faith dealing.

55. The acts of CNA as described above violate the Unfair Claim Settlement Practices Act (N.C. Gen. Stat. §58-63-15) in one or more of the following ways:

5

a. Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue.

   b. Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

   c. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

   d. Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

56. The bad faith acts of CNA and the violations of the Unfair Claim Settlement Practices Act constitute unfair and deceptive trade practices under Chapter 75 of the North Carolina General Statutes.

57. As a result of the bad faith of CNA, Journey is entitled to the recovery of treble damages and attorney fees in excess of $75,000.

**THEREFORE, THE PLAINTIFF** prays unto the Court for the following relief:

1. That the Plaintiff have and recover compensatory and treble damages from the Defendant.

2. That the costs of this action, including reasonable attorney fees (if allowed by law), be recovered from the Defendant.

3. That the factual issues be tried to a jury.

4. For such other relief as the Court deems just and proper.

   Respectfully submitted, this the 9th day of September, 2024.

   /S/ Fred W. DeVore, III
   Fred W. DeVore, III – NC State Bar #10308
   *fdevore@devact.com*
   S. Cramer Lewis – NC State Bar #60966
   clewis@devact.com
   Shelby L. Gilmer - NC State Bar # 60889
   sgilmer@devact.com
   *Attorneys for Plaintiff*
   DAS Law Group
   438 Queens Road
   Charlotte, NC 28207
   (704) 377-5242
   (704) 332-2825 *facsimile*